IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN JOHNSON,

            Petitioner,                      ORDER

    v.                                             08-cv-0545-slc

TOM DALBEC,
Douglas County Sheriff,

            Respondent.

---

      Steven Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is in custody in violation of various rights guaranteed him by the United States Constitution and the state of Wisconsin. Johnson has been charged in the Circuit Court for Milwaukee County with robbery by threat of force and is incarcerated at the Douglas County jail. In his habeas petition, he asserts various claims of error relating to the pending criminal prosecution. He contests the legality of his arrest, the timeliness of his initial appearance, the sufficiency and timeliness of the complaint filed against him, the sufficiency of his arraignment, the admissibility of his statements and the reliability of the evidence identifying him as the robbery suspect.

      According to the petition, petitioner raised these claims in the state trial court, which rejected them. Petitioner then petitioned the Wisconsin Court of Appeals for a writ of habeas corpus, alleging the same grounds. The court denied the petition *ex parte*, finding that

petitioner had failed to establish that he had no other adequate remedy at law available. State of Wisconsin ex rel. Steven Johnson v. Ronald K. Malone, 2008AP1446-W (Ct. App. July 3, 2008), attached to Pet., dkt. #1, at Exh. A.  The court noted that petitioner could seek leave to take a discretionary appeal from the trial court's order or, if he was convicted, raise his claims in an appeal from the judgment of conviction.  Id.

Although habeas corpus is generally a post-conviction remedy, federal courts have jurisdiction under 28 U.S.C. § 2241 to grant writs of habeas corpus to pre-trial detainees in state custody.  Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979).  Notwithstanding this jurisdiction, I decline to exercise it.  Petitioner has adequate remedies available to him in the Wisconsin courts to correct the alleged constitutional violations committed by state law enforcement officials.  As the state court of appeals noted, he can seek leave to take a discretionary appeal from the trial court's order or, if he is convicted, he can raise his claims in a direct appeal pursuant to Wis. Stat. § 809.30.  It is not a proper exercise of federal habeas jurisdiction to "disrupt a pending state criminal prosecution at which the petitioner yet may be acquitted."  United States ex rel. Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979).

ORDER

IT IS ORDERED that the petition of Steven Johnson for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

Entered this 22nd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge